IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUNNI NOBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-953-DRH |
| ) | |
| CHARLEY STEVENS, STEVEN SMITH, and ) | |
| J. GARRNET, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Issue of Service of Process and the Failure to Prosecute.  For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On November 28, 2005, United States District Judge David R. Herndon issued a 28 U.S.C. §1915A Screening Order which ordered the Plaintiff to submit USM-285 forms which are necessary to effect service.  The Plaintiff was told that if he did not submit the required forms within 30 days, service would not be completed.  On November 29, 2005, the Clerk's Office mailed to the Plaintiff three USM-285 forms to be completed.  As of December 28, 2005, no forms were returned by the Plaintiff.  On January 12, 2006, this Court issued an Order directing the Plaintiff to submit the necessary form by February 3, 2006.  The Plaintiff was warned that if he failed to comply with that deadline, this Court would recommend that this matter be

dismissed. As of the date of this Report and Recommendation, no such forms have been submitted to the Clerk's Office.

## CONCLUSIONS OF LAW

The Plaintiff has been given two opportunities to provide the necessary documents to the Clerk's Office and has ignored two Orders of this Court requiring him to provide the necessary documents by a date certain. As such, the Plaintiff is failing to prosecute this case and has failed to comply with the Orders of this Court. The Plaintiff was warned, in the January 12, 2006 Order, that if he did not provide the necessary documents, the undersigned would recommend that this matter be dismissed. See Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993). While one missed deadline does not warrant dismissal for the failure to prosecute, Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000), the Plaintiff in this case has missed two deadlines. The Plaintiff's failure to timely provide the documents necessary for service has completely stalled this case and the Plaintiff has provided no excuse for this failure.

CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).


**DATED: February 23, 2006**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**